# SUPREME COURT.

RHOSELLA GEORGE, respondent, agt. DE WITT C. TOLL, sheriff, &c.

In order to prove the contents of a *chattel mortgage*, on the trial, the *original* mortgage must be produced. A certified copy, made by the clerk or register where the mortgage is filed, is evidence only of the fact of its filing. (*Laws of* 1833 *ch.* 279.)

*General Term, Fifth District; July,* 1870.

APPEAL from the judgment of the county court affirming that of the justice.

In December, 1868, the plaintiff, a married woman possessing a separate estate, gave an accommodation mortgage on her house and lot for $75, to her son Samuel, who promised to give her a chattel mortgage as security for the same. Samuel sold the accommodation mortgage to one Gillett, and the plaintiff afterwards paid it. On the 23d day of February, 1869, Samuel gave plaintiff a chattel mortgage, with a safety clause therein, to secure this sum his mother had enabled him to raise, and this mortgage was duly filed June 4th, 1869. Mr. Gilbert, on the 15th day of June, 1869, recovered judgment in justice's court against Samuel, for $32 25, a transcript of which was filed on the 18th, and an execution issued to defendant, who sold the mortgaged property in question, with full notice of the plaintiff's mortgage, which was not then due.

The plaintiff after demand made, sued for the conversion of her property, consisting in part of books, which were described in the mortgage as "one library of books, (40

volumes.") The defendant answered denying complaint and alleging that he took said property as sheriff by virtue. of an execution against Samuel, and that the plaintiff's title to the property depended on a chattel mortgage which was fraudulent and void. The plaintiff recovered a judgment before the justice, which on appeal to the county court, was affirmed.

D. PRATT, *for appellant.*

I. The action cannot be maintained against the sheriff by the mortgagee. The mortgagor, by the terms of the instrument, was to hold possession until default. ( *Hull* agt. *Carnley,,* 11 *N. Y.,* 501; 28 *N. Y.,* 585.)

II. There was no proof of a mortgage. The only evidence of a mortgage was a certified copy, which was offered by the plaintiff and objected to by the defendant.

This was clearly incompetent and improper to establish the existence of a mortgage. (2 *R. S.,* 4th *ed.,* 318, § 12.)

The only fact proved by a certified copy, is the original indorsement by the clerk; that the original instrument, or a copy had been received and filed by him. It is proof of the filing, and of no other fact.

(*a.*) The grossest fraud could be perpetrated if a certified copy was proof of the original instrument. Any party could make a mortgage, and affix the signature of a pretended mortgagor, and file it.

(*b.*) The original paper must be introduced in evidence and proved, the same as a promissory note.

III. The respondent's counsel argued before the county court, (and he may do the same here,) that there was evidence aside from the certified copy, to show a mortgage.

There is no such proof.

(*a.*) The statute provides that every assignment of property, by way of mortgage or security, unless accompanied by immediate delivery, and followed by actual and

continued change of possession, is void presumptively, as against the creditors of the mortgagor and shall be conclusive evidence of fraud, unless he shows that the same was made in good faith, &c. (2 *R. S.*, 4*th ed.*, 317, § 5.)

(*b.*) All that the plaintiff proved in reference to the mortgage was necessary to do away with the presumption of fraud. She was bound to show a consideration, and explain the possession in the mortgagor. (*Gardner* agt. *Adams*, 12 *Wend.*, 269; *Thompson* agt. *Blanchard*, 4 *N. Y.*, 301; *Id.*, 581.)

The parol proof given did not obviate the necessity of producing and proving the original mortgage. Indeed the proof given upon the trial before the justice, was with a view to explain the *bona fides* of the transaction, and not with any pretence or claim that it was proof of the original mortgage. The counsel labored under the impression that a certified copy was evidence, and so argued before the county court. The justice should have non-suited the plaintiff, as requested by the defendant, and no additional evidence having been given subsequent to the motion for a non-suit, judgment should have been given for the defendant.

The judgment, therefore, of the justice, and of the county court should be reversed absolutely, as the appeal was taken upon questions of law only.

IRVING G. VANN, *for respondent.*

I. An action for converting the said property is maintainable against the sheriff, under the circumstances of this case.

The principles as established by various decisions in the courts of this state seem to be as follows:

1st. When the chattel mortgage gives the mortgagor the right of possession for a definite time, the mortgagee cannot maintain an action during that time, except for an injury to the reversion.

*2d.* When the chattel mortgage contains a safety clause giving the mortgagee the right to immediate possession at any time that he may deem himself unsafe, then the mortgagor has no leviable interest, and the mortgagee can sue for the conversion of the mortgaged property at any time, whether the mortgage is due or not.

In *Matteson* agt. *Baucus*, (1 *Com.*, 295,) it was held that the interest of a mortgagor, even before forfeiture, when he had not the right to possession for a definite period, was but a right of redemption merely, and not subject to levy and sale on execution. ( *Otis* agt. *Wood*, 3 *Wend.*, 500; *Marsh* agt. *Lawrence*, 4 *Cow.*, 467.)

In *Galen* agt. *Brown*, (22 *N. Y.*, 37,) the same principle was affirmed, SELDEN, J., saying: " Here the mortgagees had the right, if they deemed the property unsafe, to take possession at any time—a clause expressly designed to protect the mortgagees against the claims of the general creditors of the mortgagor. This clause left, I think, no rights of peoperty in the mortgagor which could be levied on by a creditor."

In *Manning* agt. *Monagan*, (23 *N. Y.*, 539,) it was held that a mortgagee could maintain an action for damage to the reversion caused by a sale in parcels, even when there was a provision that until default the mortgagor should continue in full possession.

In *Harris* agt. *Murray*, (28 *N. Y.*, 574,) the case of *Mattison* agt. *Baucus*, *supra*, was favorably commented on, INGRAHAM, J., saying that when the mortgagee was entitled to the possession, the interest of the mortgagor was a mere chose in action, and not the subject of levy and sale on execution.

So in *Hall* agt *Sampson*, ( 35 *N. Y.*, 274; *reversing S. C.*, 19, *How.*, 481, *and* 23 *Id.*, 84;) the court held that when the mortgagee takes possession of the property mortgaged, the mortgagor has no remaining interest in the mortgaged property subject to levy and sale on execution.

George agt. Toll.

Morgan, J., holding that the mortgagor had no leviable interest at any time after the execution of the mortgage.

In *Baltes* agt. *Ripp*, (3 *Keyes* 210.) it was held that the mortgagee is the absolute owner at law of the mortgaged property, and the interest of the mortgagor therein is merely the right to pay off the mortgage debt, and his possession is that of a bailee only ; that he has no interest subject to sale on execution. (*Falen* agt. *Acker*, 1 *Hill*, 473.)

In *Chadwick* agt. *Lamb*, (29 *Barb.*, 518,) where the mortgagee sued for the conversion of the mortgaged property, the mortgage not being due, but containing the usual safety clause, it was held " that when personal property is wrongfully converted, an action to recover its value may be maintained by the mortgagee prior to the time the mortgage becomes due, if there is a clause in the mortgage authorizing the mortgagee to take possession and sell it to satisfy his debt at any time he shall deem himself insecure."

That an action for conversion will lie, see also, *Underhill* agt. *Renoir*, (2 *Hill* 319 ;) *Fairbanks* agt. *Bloomfield*, (5 *Duer*, 434,) where the court held that when the possessory right of the mortgagor fails, the right of the sheriff to retain under the attachment ceases, and a continuance of the detention is a conversion.

All the cases holding that the mortgagee cannot sue until the mortgage is due, turned upon the point that by the terms of the mortgage the mortgagor was entitled to retain possession until the mortgage became due. This was the case in *Hull* agt. *Carnley*, (1 *Kern.*, 501; 17 *N. Y.*, 202,) where there was a reservation to the mortgagor of the right of possession until the mortgage became due; also in *Gould* agt. *Asseler*, (22 *N. Y.*, 225.)

II. A certified copy of the chattel mortgage was properly received in evidence.

*1st.* Under the statute of 1833, authorizing chattel mortgages to be filed. (4 *R. S.*, 6*th ed*,, 436, § 4, &c )

The existence and execution of the original was first

proved by the plaintiff who swears to its date, amount, execution, delivery and object, as well as the filing thereof, without objection.

2d. Under 1 *R. S.*, 350, (377, *marginal paging*,) where it is enacted as follows :

Section 65. "Copies of all papers duly filed in the office of the county clerk, and transcripts from the books of records kept therein, certified by such clerk, with the seal of his office affixed, shall be evidence in all courts in like manner as if the originals were produced."

An examined copy of a document filed or recorded, is admissible at common law. (*Greenleaf's Ev. Vol.* 1 106; 2 *Wait*, 400.)

The object of this statute was to give the same force to a certified copy, and to relieve a party from the necessity of producing the original on file, because of the inconvenience to the public which the removal of such documents might occasion, especially if they were wanted in two places at once; and also, because of the public character of the facts they contain, and the consequent facility of detection of any fraud or error in the copy.

This position is fully sustained by a case directly in point. *Van Hassell* agt. *Borden*, (1 *Hilt.*, 128,) where, as in the case at bar, a certified copy of a chattel mortgage was received in evidence under objection, and the court, per INGRAHAM, first judge said, "the copy was properly received in evidence, being certified by the register. The justice says he only received it as evidence of the matters allowed by law, although he might have received it as evidence in the case generally." (*See also, Van Bergen* agt. *Bradley*, 36 *N. Y.*, 316.)

In *Fellows* agt. *Van Hyring*, (23 *How.*, 230; *and Bissell* agt. *Pearce*, 28 *N. Y.*, 252,) the certificate was given by the town clerk, and the existence of the original was not proved.

III. Even if the certified copy of the mortgage was not

George agt. Toll.

evidence to the extent claimed, it was at least evidence of the filing, and was hence properly admitted, and the existence, execution, and the terms' of the chattel mortgage, were sufficiently proved by parol evidence, received without objection.

The defendant's answer also admits the existence of the mortgage.

IV. The defendant waived his objection to the admission of the certified copy, by examining his own witnesses and cross-examining the plaintiff's witnesses in relation thereto.

V. Evidence was admissible to show that the property sold was a part of the mortgaged property.

In *Gardner* agt. *McEwen*, (19 *N. Y.*, 123,) where the mortgage covered all the books, stationary, and store furniture therein, &c., it was held to be sufficiently definite.

So in *Galen* agt. *Brown*, (22 *N. Y.*, 37,) where the property was described as " 11 M. of pine lumber now in the shop of the mortgagor," and parol evidence was admitted, not only to identify it, but also to show that but one fifth of the same was then in the shop, the rest having been only just purchased, and not yet delivered to the mortgagor.

Also in *McKinster* agt. *Babcock*, (26 *N. Y.*, 378,) where the consideration of the mortgage was stated at $1,000, parol evidence was admitted to show that the real consideration was the indorsement of the mortgagor's note for $1,000, for his accommodation, and that upon his failure to raise the money on that note, two other notes of $500 each, was substituted.

Likewise, in *Conkling* agt. *Shelley*, (28 *N. Y.*, 360) a chattel mortgage of " all the dry goods, boots and shoes, millinery goods, and gentlemen's furnishing goods, and stock in trade now in," &c., was held sufficient, the court saying per EMOTT, J., delivering its opinion : " This, though general, could be rendered sufficienly definite by evidence of the facts as to the goods in the store at the time, and

would convey whatever in fact answered the description."

VI. The judgment should be affirmed, with costs.

MORGAN, J.—The plaintiff claimed the property levied upon by the sheriff, under a chattel mortgage. The mortgage was not produced on the trial, but a copy certified by the county clerk. This was objected to by the defendant as improper, as secondary evidence and incompetent. The objection was overruled. By chapter 279 of the laws of 1833, (4 *Statutes at Large*, 436,) it is provided that a "copy of any such original instrument or of any copy thereof so filed as aforesaid, including any statement made in pursuance of this act certified by the clerk or register, in whose office the same shall be filed, shall be received in *evidence*, but only of the fact that such instrument or copy, and statement was received and filed according to the indorsement of the clerk or register thereon, and of no other fact."

The original mortgage was within the control and subject to the order of the plaintiff, although on file in the clerk's office, and should have been produced, and its execution proved, as in ordinary cases of private writings between parties.

We are referred to the Revised Statutes, which provide that "the copies of all papers duly filed in the office of the county clerk, and transcripts from the books of record kept therein, certified by such clerk with the seal of his office affixed, shall be evidence in all courts in like manner as if the originals were produced." (1 *R. S.*, 350, § 65.)

·The papers here specified only include public records, which would be recognized as such by the court without collateral evidence of their identity and genuiness, or such as are duly proved or acknowledged before they are put on file. It is a general rule that whenever the thing to be proved would require no collateral proof upon its production, it is provable by a certified copy from the office where by law

George agt. Toll.

it is required to be kept. (*See* 1 *Greenl. Ed.*, §§ 91, 482.) Here the original was not in any sense a public document, nor did it purport to be proved or acknowledged before a magistrate or officer having authority to take proofs or acknowledgments of private writings.

There is no rule of law or statute, which authorizes a certified copy of such an instrument to be received in evidence in place of the original.

It is said that the execution of the original was proved without objection. It was indeed proved that a mortgage was given, but I am unable to discover that any proof of its contents was made before the ruling of the justice allowing the copy to be read in evidence.

The act of 1833 restricts the effect of the evidence to certain facts, and expressly declares that the copy shall be received in evidence of "no other fact." This would be sufficient of itself to exclude the evidence without reference to the provisions cited from the Revised Statutes.

As the plaintiff's title depended upon the chattel mortgage, it is clear that she could not recover without producing it on the trial and proving its execution. Proving its execution without producing it, would not obviate the objection, unless it was shown to be lost, or its non-production accounted for, so far as to lay the foundation of proof of its contents by secondary evidence.

The judgment of the county court and of the justice, should be reversed.

MULLIN, P. J., and DOOLITTLE, J., concurred.